United States District Court
Southern District of Texas
FILED

APR 0 5 2011

David J. Bradley, Clerk of Court

**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | **11 CR 259** |
| | § | |
| *versus* | § | **CRIMINAL NO. _____** |
| | § | |
| | § | **18 U.S.C. § 371** |
| **ARMANDO CHAVEZ, M.D.** | § | **18 U.S.C. § 1341** |

## CRIMINAL INFORMATION

**THE UNITED STATES ATTORNEY CHARGES:**

### COUNT ONE
### (Conspiracy)
### (18 U.S.C. § 371)

### I. INTRODUCTION

At all times material to this information:

1.    Defendant **Armando Chavez, M.D.** was a physician licensed by the Texas State Board of Medical Examiners to practice medicine in the State of Texas, and he was board certified in Internal Medicine.

2.    Defendant **Armando Chavez, M.D.** operated his medical practice in a building located at 11040 East Freeway, Houston, Texas 77029, under the name Chavez Medical Group.

3.    Defendant **Armando Chavez, M.D.** initially devoted his medical practice to Internal Medicine with a family practice. He routinely performed those procedures generally associated with a family practice, including colonoscopy procedures.  He later expanded his practice to include facial derm-abrasion and spa treatments, Endovenous Laser Ablation procedures and cosmetic surgery procedures.

4. From about 2005 until 2007, Defendant **Armando Chavez, M.D.** devoted a significant part of his practice to Endovenous Laser Ablation, commonly referred to in his office as **"ELVES"** treatments. In early 2007, Dr. Chavez decided to engage in the practice of cosmetic surgery, including lipo-suction and breast augmentation.

5. The defendant, **Armando Chavez, M.D.**, employed and trained various employees in his office as Medical Assistants, Billing Clerks, Technicians and others to conduct medical procedures, medical billing, and administrative matters.

## II.  THE CONSPIRACY

6. From on or before January 1, 2005  and continuing to on or about December 31, 2007, in the Houston Division of the Southern District of Texas, and elsewhere,

## ARMANDO CHAVEZ, M.D.

the defendant, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to commit an offense against the United States, that is;

to knowingly devise and intend to devise a scheme and artifice to defraud and for obtaining money by means of material false and fraudulent pretenses, representations, and promises, and for the purpose of executing said scheme and artifice, and attempting to do so, placed and caused to be placed in a post office or authorized depository for mail matter, any matter or thing to be sent and delivered by the United States Postal Service, or other private mail carrier, in violation of Title 18, United States Code, Section 1341.

## III. OBJECT OF THE CONSPIRACY

7. It was the object of the conspiracy to present false and fraudulent information and false claims for payment to Medicare, Medicaid, and private insurance companies for medical

2

services which were fraudulent in one or more ways, to induce health care and insurance companies to approve and pay fraudulent claims in the maximum amounts possible by making payments using the U.S. mail.

## IV.  MANNER AND MEANS OF THE CONSPIRACY

8.   It was part of the conspiracy that the defendant would and did  advertise and promote  his medical practice on Spanish speaking radio stations which targeted the Spanish speaking community.

9.   It was further part of the conspiracy that the defendant would and did train his employees to solicit, encourage and recommend patients to have Endovenous Laser Ablation, commonly referred to as the "ELVES" procedure.

10.   It was further part of the conspiracy that the defendant would and did train his employees to determine if a patient was covered by health insurance, and preferably specific private insurance companies, sufficient to pay for the ELVES procedure before the patient was asked to consider the procedure.  The defendant further would and did instruct and train employees to discourage patients with Medicare coverage and patients who paid cash.

11.   It was further part of the conspiracy that the defendant would and did develop and maintain a patient pre-operation medical evaluation template on his office computer which contained specific diagnostic language which he utilized by copying information from web-sites of private insurance companies to support and justify the need for the ELVES procedure.

12.   It was further part of the conspiracy that the defendant would and did submit claims for payment to insurance companies for the ELVES procedure which separated or "unbundled" the dates of service and procedure codes.  The defendant would and did routinely

submit claims for three separate procedure codes alleging services performed over a period of six days; when in truth and in fact, as defendant well knew, patients only received "ELVES" treatments over a period of one or two days. This was done instead of submitting a single claim for the entire "ELVES" procedure "bundled" under one procedure code for accurate and true dates of service.

13.   It was further part of the conspiracy that the defendant would and did routinely waive or reduce co-payments from patients as an incentive to encourage patients to undergo the ELVES procedure and to make related office visits.

14.   It was further part of the conspiracy that the defendant would and did develop a post-operation evaluation sheet which was contained in patient files and which included dates of service which were false and inconsistent with the actual dates of service and the dates billed for services.

15.   It was further part of the conspiracy that the defendant would and did bill insurance companies over $14 million and was paid over $3.8 million for treatment of patients with the "ELVES" procedures.

## OVERT ACTS

16.   On or about the dates listed below, in the Southern District of Texas and elsewhere, the defendant committed and caused to be committed the following overt acts in furtherance of the conspiracy in the Southern District of Texas and elsewhere:

| No. | Date | Overt Act |
| --- | --- | --- |
| 1. | 7/24/07 | Claim submitted to Aetna Insurance. Co. |

4

| 2. | 9/15/07 | Claim submitted to Cigna Insurance Co. |
| 3. | 4/13/07 | Claim submitted to Boon Chapman Insurance Co. |

[Violation: Title 18, United States Code, Section 371]

## COUNTS TWO THROUGH FOUR
### (Mail Fraud)
### (18 U.S.C.§ 1341)

### I. INTRODUCTION

17.    The United States Attorney hereby adopts, re-alleges and incorporates by reference herein all the allegations set forth in Paragraphs 1 - 16 of Count One of this Criminal Information.

### II. THE SCHEME AND ARTIFICE TO DEFRAUD

18.    From on or about January 1, 2005, and continuing through about December 31, 2007, in the Southern District of Texas, and elsewhere,

### ARMANDO CHAVEZ, M.D.

defendant herein, did knowingly devise and intend to devise a scheme and artifice to defraud and for obtaining money and property from others by means of materially false and fraudulent material pretenses, representations and promises.

### III. MANNER AND MEANS OF THE SCHEME TO DEFRAUD

19.    Among the manner and means by which the defendant sought to accomplish and did accomplish the purpose of the scheme to defraud were the acts set forth in paragraphs 8 through 16 above of Count One of the Information under Manner and Means of the Conspiracy, hereby re-alleged and incorporated by reference as if fully set forth here.

5

## IV. EXECUTION OF THE SCHEME TO DEFRAUD

20.     On or about the dates set forth below,

### ARMANDO CHAVEZ, M.D.

defendant herein, aided and abetted by others known and unknown, for the purpose of executing and attempting to execute the aforementioned scheme to defraud, and to obtain money and property by false pretenses, representations and promises, knowingly placed or caused to be placed for delivery by the United States Postal Service, or other commercial mail carriers according to the directions thereon, checks for payment of claims for medical services issued by various companies in Houston, Texas, and elsewhere, and placed in the mail on or about the dates indicated on the check in the amounts indicated below:

| Count | Claimed Date of Service | Fraud Paid Amount | Date of Check | Check No. | Check Amount | Patient Insurance Company |
|---|---|---|---|---|---|---|
| 2 | 7/17/06 | $2,526.16 | 8/3/06 | 69860540 | $15,081.96 | N.A. -------- Aetna |
|   | 7/18/06 | $2,501.16 |  |  |  |  |
|   | 7/19/06 | $2,526.16 |  |  |  |  |
|   | 7/20/06 | $2,526.16 |  |  |  |  |
|   | 7/21/06 | $2,501.16 |  |  |  |  |
|   | 7/24/06 | $2,501.16 |  |  |  |  |
| 3 | 09/14/05 | $2,060.47 | 10/10/05 | 198492019 | $4,371.86 | M.E.H. -------- Cigna |
|   | 09/15/05 | $2,060.47 |  |  |  |  |
| 4 | 4/11/07 | $4,199.31 | 5/17/07 | 465118 | $12,575.51 | A.A. -------- Boon Chapman |
|   | 4/12/07 | $4,188.10 |  |  |  |  |
|   | 4/13/07 | $4,188.10 |  |  |  |  |

[Violation: Title 18, United States Code, Section 1341]

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 18, United States Code, Sections 981(a)(1)(c) and Title 28, United States Code, Section 2461, as a result of the commission of a violation of conspiracy and mail fraud as charged in Counts One (1) through Four (4) of the Information, notice is given that the defendant, Armando Chavez, shall forfeit all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses of Title 18, United States Code, Section 1341 as charged in the Criminal Information, including, but not limited to, a money judgment for the full amount of the proceeds traceable to such violations.

Pursuant to Title 18, United States Code, Section 982(a)(7), as a result of the commission of a violation of the mail fraud offenses charged in Counts 2 through 4 of the Information, notice is given that the defendant Armando Chavez shall forfeit all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses of Title 18, United States Code, Section 1341 as charged in the Criminal Information, including, but not limited to, a money judgment for the full amount of the proceeds traceable to such violations.

In the event that the property which is subject to forfeiture to the United States, as a result of any act or omission of the defendant:

    i.      cannot be located upon exercise of due diligence;

    ii.     has been placed beyond the jurisdiction of the Court;

    iii.    has been transferred or sold to, or deposited with a third party;

    iv.    has been substantially diminished in value; or

    v.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the

7

value of such property, pursuant to Title 21, United States Code, Section 853(p), made applicable

to these offenses by Title 18, United States Code, Section 982(b)(1).

JOSE ANGEL MORENO
UNITED STATES ATTORNEY

Cedric L. Joubert
Assistant United States Attorney